```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
VIRTUE MEKHI OLIVER,

                    Plaintiff,
                                           MEMORANDUM AND ORDER
          -against-                        20-CV-01877 (JS)(AYS)

YAPHANK CORRECTIONAL FACILITY,
OFFICER JOHN DOE 1, OFFICER JOHN
DOE 2, OFFICER JOHN DOE 3, OFFICER
JOHN DOE 4, LT. JOHN DOE, SGT.
JOHN DOE, WARDEN JOHN DOE,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Virtue Mekhi Oliver, pro se
                    729378
                    Riverhead Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On April 20, 2020, incarcerated pro se plaintiff Virtue Mekhi Oliver ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Yaphank Correctional Facility ("the Jail") and several unidentified individuals alleged to be employed at the Jail together with an application to proceed in forma pauperis. (Compl., D.E. 1; IFP Mot., D.E. 2.) Upon review of the declaration in support of the application to proceed in forma pauperis, the Court GRANTS Plaintiff's request to proceed in forma pauperis. However, for the reasons that follow, the Complaint is sua sponte DISMISSED as

against the Jail pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff's claims against Sgt. Doe, Lt. Doe, and the Warden are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and Plaintiff's claims against the remaining Defendants shall proceed.

BACKGROUND[1]

Plaintiff's handwritten Complaint is submitted on the Court's Section 1983 complaint form and is brief. In its entirety, Plaintiff alleges:

> On January 15, 2020 between the time of 3:30 to 5:30 while I was locked in my cell at Yaphank Correctional Facility I was told to put my hands behind my back and put them against the door with a soft cast onto be handcuffed. While being handcuffed by officers John Doe 1, John Doe 2, John Doe 3, and John Doe 4 supervised by Sgt John Doe who was supervised by Lt. John Doe. My hand was being bent and twisted in awkward positions which caused new injuries to my existing injuries.

(Compl. ¶ II at 5.) As a result, Plaintiff alleges he suffered

> broken seaphoid and torn ligaments in my wrist, 2 surgeries are needed one for the seaphoid to be repaired and one to repair the torn ligament I have in my wrist. Medical treatment was not received yet. I also need to attend physical therapy to reclaim large and small motor

---

[1] All material allegations in the Complaint are presumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true). Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, grammar, and punctuation have not been corrected or noted.

2

skills in my hand.

(Compl. ¶ II.A at 5.)

As a result of the foregoing, Plaintiff seeks to recover a damages award in the total sum of twenty-two million dollars. (Compl. ¶ III.)

## DISCUSSION

I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b); Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under §§ 1915, 1915A, sua sponte dismissals of frivolous prisoner complaints are not only permitted but mandatory).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

> Section 1983 provides that
>
> > [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights,

4

> privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

    A.   Claims against the Jail

Plaintiff's Section 1983 claims against the Jail are not plausible because it does not have an independent legal identity. It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); Lukes v. Nassau Cty. Jail, 2012 WL 1965663, *2 (E.D.N.Y. May 29, 2012) (dismissing claims against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity separate and apart from the County"); Hawkins v. Nassau Cty. Corr. Facility, 781 F. Supp. 2d 107, 109 at n. 1 (E.D.N.Y. 2011).

Thus, Plaintiff's Section 1983 claims against the Jail

5

are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b). Given Plaintiff's pro se status, the Court has considered whether he has alleged a plausible claim if his claims were to be construed as against the municipality, Suffolk County. For the reasons that follow, the Court finds that he has not.

B. Claims as Construed against Suffolk County

It is well-established that a municipality, such as Suffolk County, cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691 (internal citation omitted).

To establish the existence of a municipal policy or

6

custom, a plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates."  Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, Plaintiff fails to plead any factual allegations from which the Court may infer that the conduct of which Plaintiff complains of was caused by a policy or custom of Suffolk County. Accordingly, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 claim against Suffolk County.

C. Claims against Sgt. Doe, Lt. Doe, and the Warden

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in Iqbal that "[b]ecause vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676, 129 S. Ct. at 1948. A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law and should be dismissed. Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff seeks to impose Section 1983 liability on Sgt. Doe, Lt. Doe, and the Warden, Plaintiff has not included any factual allegations against these individuals.

8

Indeed, apart from the caption of the Complaint, the Warden is not again mentioned in the body of the Complaint. Wholly absent are any factual allegations of conduct or inaction attributable to Sgt. Doe, Lt. Doe, and the Warden and it appears that Plaintiff seeks to impose liability solely based on the supervisory positions they hold. Because the Complaint is devoid of any allegations sufficient to establish any personal involvement by Sgt. Doe, Lt. Doe, and the Warden in the conduct of which Plaintiff complains, Plaintiff's Section 1983 claims against these Defendants are not plausible and are thus DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

  D.   Claims against John Does 1-4

Though thin, the Court declines to sua sponte dismiss Plaintiff's claims against John Does 1-4 at this early stage in the proceedings. Although the Court would ordinarily order service of the Summonses and Complaint by the United States Marshal Service ("USMS"), given the national emergency caused by the COVID-19 virus, the Court requests that the Suffolk County Attorney accept service of the Complaint after these "John Doe" Defendants are identified.

The Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997).

Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Suffolk County Attorney is requested to attempt to ascertain the full names of the unidentified Defendants, who are alleged to be employed at the Yaphank location of the Suffolk County Correctional Facility and to have interacted with Plaintiff on January 15, 2020 as described in the Complaint. Within sixty (60) days of the date that this Order is served upon it, the Suffolk County Attorney shall provide the Court and Plaintiff with the names of these individuals and shall apprise the Court whether, in light of the national emergency caused by the COVID-19 virus, it will accept service of the Complaint on behalf of these individuals.

Once the information is provided to the Court by the Suffolk County Attorney, Plaintiff's Complaint shall be deemed amended to reflect the full names of these Defendants. The Suffolk County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve these Defendants as instructed by the Second Circuit in Valentin.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however Plaintiff's claims against the Jail are sua sponte DISMISSED WITH PREJUDICE pursuant

10

to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A (b)(1).  Plaintiff's claims against Sgt. Doe, Lt. Doe, and the Warden are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) and Plaintiff's claims against the remaining Defendants shall proceed.  It is further ORDERED that the Clerk of the Court shall serve a copy of the Complaint together with this Order on the Suffolk County Attorney.  The Suffolk County Attorney is requested to attempt to ascertain the full names of the unidentified Defendants, who are alleged to be employed at the Yaphank location of the Suffolk County Correctional Facility and to have interacted with Plaintiff on January 15, 2020 as described in the Complaint.  Within sixty (60) days of the date that this Order is served upon it, the Suffolk County Attorney shall provide the Court and Plaintiff with the names of these individuals and shall apprise the Court whether, in light of the national emergency caused by the COVID-19 virus, it will accept service of the Complaint on behalf of these individuals.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT  
JOANNA SEYBERT, U.S.D.J.

Dated:  May   7  , 2020  
        Central Islip, New York

12