FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 26 2022 ★

LONG ISLAND OFFICE
*Rec. in p drive 1/28/22 rg

United States District Court
Eastern District of New York
_____
Virtue Mekhi Oliver, Din# 20A1473

                **Plaintiff,**

FIRST Amended Complaint
& Request for Counsel To
Be Assigned
20-CV-01877 (JS)(AYS)

                -against-

Yaphank Suffolk County Jail,
Officer Correctional Personnel,
Officer Lauren-Brooks, Claudio Silva,
Jay Kaufman, and Sgt John Urbanik, and
Lt. Hunt,

                Defendant(s).

District Judge: SEYBERT

_____

Appearances for Plaintiff:

Virtue Mekhi Oliver, pro se Din#20ª1473

729378

Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

For Defendants: No appearances.

## PRELIMINARY STATEMENT

Plaintiff was given permission to file an amended complaint by the court, to add the names of the defendants in his complaint, as well as dismiss the charges against the jail and add other corrections. Plaintiff would like to point out before he begins that—he would have submitted his amended complaint earlier, had Fishkill Correctional Facility, the facility plaintiff is currently confined at; was not, under lockdown, due to an attempted escape, from 12-26-2021 to 1-9-2022. Also, an initial conference date in this matter, is set for: *February 11, 2022, at 9:30am. See Ex-1, legal-assistance form and Declaration from Clerk*

1

To begin, on April 20, 2020, incarcerated individual pro se plaintiff: **Virtue Mekhi Oliver ("Plaintiff")** filed a complaint in this Court pursuant to 42 U.S.C. 1983 ("Section 1983") against the Yaphank Corr Fac., ("the Jail") and several correctional personnel, who are employed at the Suffolk County Jail, to which Plaintiff now adds the names of such personnel in this first amended complaint. (Compl., D.E. 1; IFP Mot., D.E. 2.). Plaintiff was granted permission to proceed in forma pauperis, and his claims against the defendants were to proceed.

## BACKGROUND

On January 15th 2020, between the time of 3:30 to 5:30pm, plaintiff was outside of his cell waiting for chow (dinner/evening) to be served; he forgot his utensil (spoon) in his cell, so he asked the officer if she can open the door so he can get his spoon. The officer then told him to go to his cell and that he couldn't come back out. Plaintiff then went to his cell to get the spoon and came right back out to bet his tray and she told him she was calling the sergeant because he came back out—plaintiff then went to his cell. When officer **Brooks, Kaufman, Silva,** Lt. **Hunt** and Sgt **Urbanik** arrived; I was told to place my hands behind my back and put them through the door, while I had a soft cast on to be handcuffed.

While handcuffed, officers Brooks, Kaufman, Silva were escorting me along with Sgt Urbanik and Lt Hunt—they started twisting and bending my hand wrist into awkward positions which caused new injuries to my existing ones. As a result, I need the medical records from Yaphank Correctional Facility and Riverhead Correctional Facility they have all of them proving that the officers were to ones who caused those injuries. See, **Valentin v. Dinkins 121 F.3d 72.**

The injuries that I sustained were: Broken Scaphoid and torn ligaments in my wrist—2 surgeries were needed; one to repair the Scaphoid and one to repair the torn ligaments. Medical treatment was not recovered while I was in Yaphank and

Riverhead Correctional Facility. I currently need to attend physical therapy to regain the large and small skills in my hand. As a result of the foregoing, plaintiff seeks to recover a damages award in the total sum of: 22 million.

---

**FOOTNOTE**: All material allegations in this complaint are presumed to be true for the purpose of the Memorandum and Order, see e.g., **Rogers v, City of Troy, New York, 148 F.3d 52, 58 (2nd Cir 1998)** (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

## Plaintiff Moves This Court With a First Amended Petition
## And For Appointment of Counsel

Plaintiff further avers that, he has stated a claim against the above mentioned corrections personnel and the Suffolk County Jail. Plaintiff alleges that each individual played a part in being deliberate indifferent to his safety and well-being. Thus, due to the fact that plaintiff has stated a claim and a number of constitutional violations caused by the defendants, upon which relief can be granted, against the correctional personnel named above. Plaintiff moves and motions this court, due to the complexities of the issues; and the fact that he is unable to use his wrist and hand to litigate—due to the injuries he sustained by the above mentioned defendants.

As well as the indelible fact that we are currently experiencing a second wave in this pandemic—and the fact that a previous counsel was assigned but, abandon plaintiff, with no explanation by such counsel; that this Honorable court assign counsel to this indigent incarcerated individual, as it is in this court's discretion to do so; and the interest of justice demands it, since plaintiff has shown that his claims are equitable. See **Sears, Roebuck & Co. v. Charles Sears Real estate, Inc, 865 F.2d 22, 23-24 *2nd Cir.1998).**

Plaintiff has shown that he is indigent and the court recognized such, by granting him, forma pauperis; and the court has recognized some of plaintiff's claims as being successful and valid, on the merits. Plaintiff had counsel in this matter and he abandon plaintiff during the middle of this litigation.

Plaintiff also through his Medical records, has and will produce, evidence that he suffered injuries, as a result of the above mentioned correctional officer(s) personnel actions. Thus, it cannot be said that, plaintiff's ultimate success on the merits is far from certain. The factors indicated above, weigh heavily in favor of this court appointment of counsel; since plaintiff ability to gather the facts and deal with the issues due to his medical condition, is also protected by the disability act. Petitioner cites and relies upon: See **Perez v. Does 209 F.Supp.3d 594, at\*598.**

Plaintiff allegations and injuries, satisfy the initial threshold showing merit. Plainitff's eighth Amendment, deliberate indifference claims, that defendants subjected him to cruel and unusual punishment to satisfy the threshold of appointment of counsel. The legal circumstances surrounding plaintiff's claims, are unusually complicated and the factual circumstances do not stem from one discrete event; but of a chain of events.

Plaintiff is not articulate in telephonically appearing at the initial conference on February 11, 2022. Plaintiff provides specific reasons why he is unable to litigate the case on his own. Accordingly, plaintiff is impaired physically disabled, and not sufficiently knowledgeable and equipped to understand and handle the litigation. It begs the question, what more does plaintiff have to allege and substantiate. Thus, plaintiff has provided special reasons, why appointment of counsel would increase a just determination. Citing: **McLean v. Johnson, 2017WL4157393, at\*1-\*2; and Medina v. Barrett 2016 WL 1271515, at\*2,**

5

*that Medina's disabilities warranted such an appointment"*; and **New York State Human Rights Law, N.Y. Exec. Law 296.**

Thus, Plaintiff wrist impairment, and his future surgeries, as well as the other grounds mentioned above, are sufficient evidence to permit this court to conclude; and the attorney general concede that, plaintiff is disabled within the meaning of the ADA, and statutes and case laws cited above and hereinafter; Citing **Levine v. Smithtown Cent. School Dist., 565 F.supp.2d 407, at\*422-424.**

## CONCLUSION

In sum, Plaintiff's request for appointment of counsel should be granted. And after counsel is appointed, this Court should reschedule the initial conference dated: February 11, 2022; setting forth the time in which Plaintiff's counsel may respond to the Attorney General's answer and summary judgment. As well as prepare for the conference for discovery. Thus, Plaintiff although he objects to the defendant's and attorney general answer and summary judgment; plaintiff need not himself respond to the answer and summary judgment of the defendants. Most importantly, and worth mentioning is the fact that, plaintiff did not type this petition; plaintiff was assisted by a law library clerk at the Fishkill Correctional Facility, to which the law library supervisor accommodated plaintiff because, he observed that he was physically unable to type or write with his wrist, as well as you the west-law computer to research since it involves a keyboard. **See Ex-1**

**WHEREFORE,** no prisoner, like the petitioner in this case, should be remitted to a plea of mercy, when he is entitled to due process, equal protection of the law, as well as appointed counsel, due to his impairments, as a matter of right. See Ex-1

Respectfully submitted,

_____Virtue O_____.

**Mr. Virtue Mekhi Oliver**

Dated: January 21, 2022

# VERIFICATION

STATE OF NEW YORK )
 ) s.s.:
COUNTY OF DUTCHESS)

___Virtue Oliver___ being duly sworn, deposes and says that he is the Petitioner in the within proceeding and that he has read the foregoing Petition and knows the contents thereof; that the same is true to his own knowledge except as to matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true.

_____ Virtue O

SWORN TO BEFORE ME THIS 21st
DAY OF __January__, 20__22__

_____
NOTARY PUBLIC

*[Notary seal: JESSICA STARSIK, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in Orange County, 01ST6398368, MY COMMISSION EXPIRES 09/30/2023]*

# AFFIDAVIT OF SERVICE
## (BY MAIL)

STATE OF NEW YORK )
) ss.:
COUNTY OF DUTCHESS)

I, __Virtue Oliver__, being duly sworn, deposes and says:

1. I am over the age of eighteen and reside at <u>Fishkill Correctional Facility, P.O. Box 1245, Beacon, NY 12508-1245</u>.

2. That on this __21__ day of __January__, 20__22__ I did enclose the following set of moving papers (__Exhibit-1; first Amended Complaint and Request for Counsel to be Appointed (20-CV-01877)__) within an envelope and deposited the same therein a U.S. depository box under the exclusive care and custody of the New York State Department of Corrections and Community Supervision for delivery thereupon:

A. Easter District ct., Judge Seybert
   100 Federal Plaza
   Central Islip, NY 11722

B. To Attorneys Dennis M. Cotten & Arlene S. Zwilling
   100 Veterans-Memorial-Highway
   P.O. Box 6100
   Hauppauge, NY 11788-0099
   (631) 853-4049

_____
Virtue O

Sworn to before me on this
21st day of January 20 22

_____
NOTARY PUBLIC

[Notary seal: JESSICA MARSIAK, NOTARY PUBLIC STATE OF NEW YORK, Qualified in Orange County, 01ST6398368, MY COMMISSION EXPIRES 05/30/2023]

# Exhibit-"1"

# DECLARATION FROM LAW LIBRARY CLERK

I, Angel Beauchamp, Din# 09A2825, am the Administrative Clerk at the Fishkill Correctional Facility and I write this under the penalty of perjury; and I state the following: I was assigned by the law library supervisor to help the incarcerated individual, due to his impairment in not being able use the services of the law library to accomplish his legal work. He is unable to use the west law computer to do his research and type and/or use the keyboard. Thus, I was assigned to assist him; however, due to the facility lockdown from 12-26-21 to 1-4-22; and as of date we are still on modified lock down due to an attempted escape. It has become impossible to provide petitioner reasonable accommodations, and I strongly recommend that this Honorable Court assign counsel to assist him, in this complex litigation—and due to his disability and he fact that it was caused by the respondent-defendants who are the subject of this complaint. It would be fundamentally unfair and unjust to deny the relief requested in Mr. Virtue Mekhi Oliver situation. Attached as **Ex-1**, is also the permission slip I signed with the supervisor's signature underneath, agreeing to provide assistance.

**Pursuant to 28 U.S.C.A. § 1746 "I declare under the penalty of perjury that the foregoing is true and correct."**
**Execute on January 21st, 2022**

_____
**Signature, Angel Beauchamp; Din#09A2825**
**Fishkill Corr Fac, P.O. Box 1245**
**Beacon, NY 12508**

I/I - Oliver      Location: I

**Receipt for Personal Legal Papers**

__Fishkill__ **Correctional Facility**

I, Virtue-Mekhi-Oliver DIN # 20A1473 Location I

**Surrendered the personal legal papers listed below to Law Library Clerk**
Angel Beauchamp DIN# 09A2825
**for his/her use in providing me legal assistance.**

| Title/Type of Paper | Date of Paper | # Pages | Condition | | | |
|---|---|---|---|---|---|---|
| | | | Excellent | Good | Fair | Poor |
| Amend 1983 | | | | | ✓ | |
| Change of Address | | | | | | |
| | | | | | | |

* Are all pages intact? _____ YES _____ NO
Note damage or problems with papers _____
Inmate's Signature: ✗ Virtue Mekhi Oliver
Clerk's Signature: _____
Date of Transaction: 10/6/21
C.O.I. GERMANO T.G.

=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=·=

**I retrieved the legal papers noted above from Law Library Clerk**
_____
DIN # _____. **I verify that these papers were returned to me in the same condition as described above.**

Inmate' Signature: _____
Law Clerk's Signature: _____
Date of Transaction: _____

---

*Instructions to Law Clerk and Inmate Client:*

1) Complete this form in duplicate.
2) Both the law clerk and the inmate client must date and sign both copies on each occasion of the transfer of papers.
3) File the original in the inmate's law library file.
4) Give a copy of the form to the inmate for his/her records.
5) Report any problems or questions to the Law Library Supervisor.

[NYSDOCS: 6/99]

7.9

F/I., Mr. Virtue-Mekhi-Oliver
Din # 20A1473
Fishkill Corr Fac
P.O. Box 1245
Beacon, NY 12508

To: Easter District Court
Judge Joanna-Seybert
Long Island Courthouse
100 Federal-Plaza
Central-Islip, N.Y. 11722

FISHKILL CORRECTIONAL FACILITY

