**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
VIRTUE MEKHI OLIVER,

                *Plaintiff*,

           -against-

YAPHANK CORRECTIONAL FACILITY, LAUREN
BROOKS, SGT. JOHN URBANIK, JAY KAUFMAN,
CLAUDIO SILVA, LT. HUNT,

                *Defendants*.
-------------------------------------------------------------X

*SUA SPONTE*
**REPORT AND**
**RECOMMENDATION**
20-cv-01877 (OEM) (JMW)

**WICKS**, Magistrate Judge:

        *Pro Se* Plaintiff Virtue Mehki Oliver ("Plaintiff") commenced this action pursuant to 42

U.S.C § 1983 on April 20, 2020 against Yaphank Correctional Facility, Officer John Doe 1,

Officer John Doe 2, Officer John Doe 3, Officer John Doe 4, Lt. John Doe, Sgt. John Doe, and

Warden John Doe (collectively, "Defendants") alleging various injuries caused by Defendants to

the Plaintiff's wrist and hands requiring surgery and physical therapy. (ECF No. 1.) On July 14,

2021, the Court dismissed *Pro Se* Plaintiff's Complaint for his failure to comply with this

Court's prior Order directing him to provide an updated address and telephone number which he

could be contacted during the course of the litigation. (*See* Electronic Order dated July 14, 2021;

ECF No. 13.) On November 8, 2021, Plaintiff subsequently moved to reopen the case, which was

granted. (*See* ECF No. 16; Electronic Order dated November 18, 2021.) Since this action was

reopened three years ago, Plaintiff has failed to appear for four conferences[1] and has failed to

comply with Court orders.[2]

---

[1] (*See* ECF Nos. 26, 73, 75, 77.)

[2] (*See* Electronic Order dated May 16, 2022; ECF No. 37.)

The Court has made abundantly clear that Plaintiff's noncompliance would have repercussions, by forewarning that continued failure to abide by Court orders could and would result in the undersigned recommending to the district judge that this case be dismissed for the failure to prosecute.[3] Because those warnings were not heeded, the undersigned, now *sua sponte* respectfully recommends to the Hon. Orelia E. Merchant that the action be dismissed for failure to prosecute.

## **BACKGROUND**

*Pro Se* Plaintiff commenced this action on April 20, 2020. (ECF No. 1). The case was dismissed on June 22, 2021, pursuant to Federal Rule of Civil Procedure 41(b), due to *Pro Se* Plaintiff's failure to update his address with the Court and communicate further. (ECF No. 12.) The Court subsequently granted *Pro Se* Plaintiff's Motion for Reconsideration on November 18, 2021, and reinstated the case after *Pro Se* Plaintiff explained that he had been transferred to a different correctional facility and had not received the Court's Orders. (*See* ECF No. 16.) *Pro Se* Plaintiff amended his complaint on January 26, 2022, and requested appointment of counsel. (ECF No. 23). *Pro Se* Plaintiff's request was denied, as the Sixth Amendment right to counsel applies only to criminal and quasi-criminal proceedings, and not to civil cases, and Plaintiff proceeded *pro se*. (ECF No. 24).

Plaintiff appeared in a status conference on May 6, 2024, and was directed to return his portion of the Joint Pretrial Conference Order ("JPTO") to Counsel for Defendant on or before May 31, 2024. (ECF No. 67). Defendants subsequently informed the Court that they had not received Plaintiff's portion of the JPTO on June 11, 2024. (ECF No. 70.) The Court directed Plaintiff to submit his portion of the JPTO on or before July 4, 2024. (*Id.*) Plaintiff again refused

---

[3] (*See* Electronic Order dated June 22, 2021, ECF Nos. 37, 73, 75, 77.)

to comply, and Defendants raised the issue in a filing dated July 10, 2024. (ECF No. 71.) In response, the Court set a Status Conference for August 2, 2024, to address issues raised by the Defendants. (*Id.*) The Court further directed Defendants to make proper arrangements with the Woodbourne Correctional Facility, where the Plaintiff was incarcerated, to ensure the Plaintiff's appearance at the Conference. (*Id.*) Plaintiff failed to appear at the August 2, 2024, Status Conference. (ECF No. 73.) The Woodbourne Correctional Facility contacted Chambers directly via email to indicate that the Plaintiff had refused to appear for the Conference. (*Id.*) The undersigned rescheduled the conference for September 13, 2024, and forewarned the Plaintiff that his failure to appear for the next scheduled Status Conference could result in the undersigned's recommendation to Judge Merchant that the case be dismissed. (*Id.*)

*Pro Se* Plaintiff again failed to appear for the September 13, 2024 Status Conference. (ECF No. 75.) The correction officer from the Collins Correctional Facility, where Plaintiff was moved to, was present on the call and confirmed that the Plaintiff affirmatively refused to appear for the conference. (*Id.*) The undersigned rescheduled the conference for October 7, 2024, and forewarned Plaintiff that his failure to appear for the October 7, 2024 Status Conference would result in the undersigned's recommendation to Judge Merchant that the case be dismissed for failure to prosecute. (*Id.*) Plaintiff again refused to appear for the October 7, 2024 Status Conference, as confirmed by the Collins Correctional Facility. (ECF No. 77.) The Court advised that the undersigned would be issuing a separate *sua sponte* Report and Recommendation to Judge Merchant recommending that this case be dismissed for failure to prosecute, in light of Plaintiff's continuous failure to appear for Status Conferences and to comply with Court orders. (*Id.*)

**DISCUSSION**

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action '[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (alterations in original) (quoting Fed. R. Civ. P. 41(b)); *see also Zappin v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a complaint for failure to prosecute *sua sponte*" (citing *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998))).

A district court considering a Rule 41(b) dismissal must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Madison v. Cuomo,* No. 20-CV-06489 (FPG), 2023 U.S. Dist. LEXIS 183264, at *4-5 (W.D.N.Y. Oct. 11, 2023) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is dispositive." *Id.* Here, all of the factors weigh in favor of dismissal.

Regarding the *first* and *second* factors, Plaintiff has notoriously failed to comply with Court orders or otherwise appear at Court-Ordered conferences. Below is a summary of such non-compliance:

| Date/ECF No. | Description | Service Made/Date |
|---|---|---|
| *February 11, 2022 (ECF No. 26)* | <u>Status Conference</u> – Plaintiff failed to appear. The Court rescheduled the Conference for March 10, 2022. | Yes February 14, 2022 |
| *May 16, 2022 (Electronic Order dated May 16, 2022)* | <u>Order Directing Plaintiff to File Narrative Statement</u> – The Court noted that Plaintiff was directed to serve his narrative statement on Defendants on or before April 15, 2022, but failed to do so, and directed Plaintiff to serve his narrative statement on or before May 31, 2022. | Yes May 16, 2022 |

| August 2, 2022 (ECF No. 37) | Order Directing Plaintiff to File Narrative Statement / Status Conference – The parties advised that Plaintiff had still not submitted his Narrative Statement to Defendants. Plaintiff was granted a final extension of time to serve his Narrative Statement. Plaintiff was cautioned that if he continued to fail to comply with the deadlines for the narrative statement and/or discovery, there could be consequences, including possible dismissal for failure to prosecute. | Yes August 2, 2022 |
|---|---|---|
| June 13, 2024 (Electronic Order dated June 13, 2024) | Order Directing Plaintiff to Submit His Portion of the JPTO to Defendants – The Court was made aware by Defendants that Pro Se Plaintiff failed to comply with a prior Court order directing him to submit his portion of the JPTO to Defendants by May 31, 2024. The Court directed Plaintiff to submit his portion of the Pretrial Conference Order to Counsel for Defendant on or before July 4, 2024. | Yes June 20, 2024 |
| August 2, 2024 (ECF No. 73) | Status Conference  –  Plaintiff failed to appear. The Court warned Plaintiff that failure to appear at the next scheduled conference could result in the case's dismissal. The undersigned then scheduled another status conference. | Yes August 5, 2024 |
| September 13, 2024 (ECF No. 75) | Status Conference – Plaintiff failed to appear.  Plaintiff was cautioned that his failure to appear at future conference would result in a recommendation that his case be dismissed. | Yes September 16, 2024 |
| October 7, 2024 (ECF No. 77) | Status Conference – Plaintiff failed to appear. The Court advised that undersigned would be issuing a separate sua sponte Report and Recommendation to the Hon. Orelia E. Merchant recommending that this case be dismissed for failure to prosecute. | Yes October 8, 2024 |

Defendants' Counsel has diligent in providing Plaintiff with ample notice of Court conferences by serving the undersigned's Orders. (See ECF Nos. 27, 32, 36, 74, 76, 78.) Nonetheless, Plaintiff has failed to appear at a total of four conferences (ECF Nos. 26, 73, 75 and 77).  Plaintiff has been radio silent since May 6, 2024—five months to date.  (See ECF No. 67, 70-71) (Defendants advised that they had not received Plaintiff's portion of the JPTO as of July 10, 2024, and that Plaintiff refused to accept the copy of the June 11, 2024 Letter that Defendants sent him requesting it). Accordingly, these two factors weigh in favor of dismissal.  See Griffin v.

*Capra,* No. 18-CV-10405 (KMK), 2022 WL 1003908, at *1-2 (S.D.N.Y. Apr. 4, 2022) (dismissing case where the delay lasted around eight months despite warnings that the case could result in dismissal for failure to prosecute); *Perez v. Edwards,* No. 20-cv-1359 (LJL), 2023 WL 5935029, at *1 (S.D.N.Y. Sept. 12, 2023) (dismissing plaintiff's case pursuant to Fed. R. Civ. P. 41(b) because plaintiff demonstrated a lack of interest in prosecuting his case and persistently failed to comply with several court-imposed deadlines).

*Third*, any further delay is likely to prejudice Defendant. Plaintiff has failed to take any action in this case for an extended period of time. *See Leybinsky v. United States Citizenship & Immigr. Servs.*, No. 19-CV-6154 (RPK) (LB), 2020 WL 7295661, at *3 (E.D.N.Y. Dec. 2, 2020) ("Courts may presume such prejudice when, as here, petitioner has caused an 'unreasonable delay.'"). Plaintiff's failure to participate in case proceedings is presumably due to his desire to dismiss the lawsuit. However, Plaintiff has not filed a letter or otherwise communicated his position to the Court for its consideration. Thus, this factor weighs in favor of dismissal.

*Fourth*, the scale balancing the Court's interest with Plaintiff's interest decidedly tips in favor of dismissal. "This factor requires the Court to consider, in relation to each other, the Court's interest in managing its docket and the plaintiff's interest in receiving a fair chance to be heard." *Pena v. Zazzle*, No. 21-CV-5819 (VEC) (RWL), 2022 WL 676009, at *4 (S.D.N.Y. Feb. 25, 2022). The Court has a strong interest in managing its docket and "cannot wait indefinitely" for Plaintiff to "turn his attention" to this case. *See id.* Indeed, Plaintiff's failure to obey Court numerous orders or make an attempt to prosecute this case effectively dismisses his right to have the Court hear his claim. *See id.*

*Fifth*, any sanction less drastic than dismissal will be ineffective. Plaintiff has had several months to be heard and received warnings of possible dismissal. And still, he took no action.

This indicates that it is unlikely that any sanction short of dismissal will be effective. *See Thompson v. Rising Star Beauty Salon Inc.*, No. 15-CV-3716 (RRM) (RER), 2017 WL 3887870, at *2 (E.D.N.Y. Sept. 5, 2017) ("Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective.").

### CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be dismissed for Plaintiff's failure to prosecute.

### OBJECTIONS

On or before October 16, 2024 Defendants' Counsel is directed to serve a copy of this Report and Recommendation on Plaintiff and file proof of service via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this Report and Recommendation either by the District Court or the Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("a party shall file objections with the district court or else waive right to appeal"); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("failure to object timely to a magistrate's report operates as a waiver of any further

judicial review of the magistrate's decision"); *see Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (same).

Dated:  Central Islip, New York
           October 15, 2024

**RESPECTFULLY RECOMMENDED,**

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

8